IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAMON NOEL, § <br> (TDCJ-CID #347306) § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> RICK THALER, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-13-0002 |

**MEMORANDUM AND OPINION**

The petitioner, Ramon Noel, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Eastham Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a life sentence for a conviction imposed by a state court in Kendall County, Texas and a 32-year sentence imposed by a state court in Dimmit County, Texas. Because Noel has not stated meritorious grounds for federal habeas relief, this court denies the federal petition and, by separate order, enters final judgment. The reasons are explained below.

**I.    Background**

On an unspecified date,[1] prison officials at the Eastham Unit held a disciplinary hearing and found Noel guilty of stabbing a fellow inmate. Noel's punishment consisted of a reduction in good-time earning class status from State Approved Trusty 4 to Line 2, 15 days in solitary confinement,

---

[1] When asked to provide the date he was found guilty of the disciplinary violation, Noel responded, "1986, 1987, 1988, 1989, 1990." (Docket Entry No. 1, Federal Petition, p. 5).

and a loss of an unspecified amount of good-time credits. (Docket Entry No. 1, Federal Petition, p. 5).

On July 2, 2012,[2] this court received Noel's federal petition. Noel contends that his conviction in the disciplinary case from the Eastham Unit is void for the following reasons:

(1) he was found guilty based on perjured testimony;

(2) the evidence was insufficient to support the guilty finding;

(3) he was denied due process because there was no "bus transport"; and

(4) he was denied due process because of the "San Antonio lie test."

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

## II. The Legal Standard

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

The standards governing disciplinary proceedings depend on the sanction imposed and the consequences. *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974); *Walker v. Navarro Cnty. Jail,* 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for

---

[2] The United States District Court for the Eastern District of Texas, Lufkin Division transferred this petition to this court on December 28, 2012.

the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. When the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms*, 459 U.S. 460 (1983). While a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. *Sandin v. Conner,* 515 U.S. 472 (1995). The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

### III.   Analysis

To the extent that Noel attempts to assert a claim of a denial of due process based on the loss of privileges and the reduction in custodial classification, his claims are barred by *Sandin*. In that case, a prisoner was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence. The Court held that such sanctions did not require the procedural protections set out in *Wolff* and *Hewitt*. The punishments Noel alleged he received are not atypical and did not impose significant hardship compared to the ordinary incidents of prison

life. *Sandin,* 515 U.S. at 484, 486 n.9. The punishment changed the conditions of Noel's confinement, but did not give rise to a due process claim. *Madison,* 104 F.3d at 767-68.

Noel may complain that the reduction in his good-time earning class status has delayed his release on parole. Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison,* 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.* Noel has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995); *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991); *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)). Because a prisoner has "no liberty interest in obtaining parole in Texas, any argument that he is entitled to be considered for release on parole at a particular time would fail. *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana,* 65 F.3d at 32).

Noel may argue that if he had remained at the good-time earning status of State Approved Trusty 4, rather than Line 2, he would have had an opportunity to earn good-time credits that might have led to an earlier release on parole. Noel's diminished ability to earn good-time credits is not a due process deprivation. *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied,* 517 U.S. 1196 (1996) ("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause"). The possibility that an inmate's good-time earning status will affect the timing of his release is a

speculative consequence of the prison disciplinary conviction and does not create a constitutionally protected liberty interest. *Id.*

Noel states that he lost good-time credits, but he does not specify the amount lost. He may complain that the loss of credits will delay his release to mandatory supervision.

Noel is serving a life sentence for aggravated sexual assault. He is ineligible for mandatory supervision according to the mandatory supervision statute in effect when he committed the underlying offense on June 24, 2000. *See* TEX. GOV'T CODE ANN. § 508.149(a)(8) (West 2000). A prisoner serving a sentence for a first degree felony under Section 22.021, Penal Code (aggravated sexual assault) may not be released to mandatory supervision. TEX. GOV'T CODE ANN. § 508.149(a)(8) (West 2000). And a life-sentenced inmate is not eligible for release to mandatory supervision. *Ex parte Franks,* 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001); *Arnold v. Cockrell,* 306 F.3d 277, 278 (5th Cir. 2002).

Noel is not entitled to federal habeas corpus relief.

## IV.     Conclusion

Noel's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v.*

*Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This court denies Noel's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Noel has not made the necessary showing for issuance.

SIGNED on May 1, 2013, at Houston, Texas.

                                                  Lee H. Rosenthal
                                                  United States District Judge